## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

BYRON WARREN,

    Plaintiff,                        CASE NO.: `3:16-cv-157-TCB`

-VS-

TD AUTO FINANCE LLC,

    Defendant.

_____/

## COMPLAINT

1.    Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

2.    The TCPA was enacted to prevent companies like TD AUTO FINANCE LLC from invading American citizens' privacy and prevent abusive "robo-calls."

3.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they

1

interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

5.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin.*

*Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.     The alleged violations described herein occurred in Troup County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Georgia, residing in Hogansville, Troup County, Georgia.

10.     Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.     Defendant is a foreign limited liability company with a principal place of business located at 27777 Inkster Road, Farmington Hills, Michigan 48334 and its registered agent, Corporation Process Company, located at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia 30097.

12.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (706) *** - 7274, and was the called party and recipient of Defendant's hereinafter described calls.

3

13.    In or about August of 2015, Plaintiff began receiving calls to his aforementioned cellular telephone from Defendant seeking to recover an alleged debt.

14.    Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (866) 338-7209, (800) 556-8172, and (800) 955-9096 and when those numbers are called, a pre-recorded message answers "Thank you for calling TD Auto Finance. This call may be recorded or monitored for quality purposes."

15.    Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear either an extended pause before a representative would come on the line, or an automated message telling him the call was from TD Auto Finance.

4

16.     Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

18.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19.     In or about November of 2015, Plaintiff received a call from the Defendant, met with an extended pause, eventually was connected to a live representative, and told the agent/representative that they were calling seven days a week, the calls were very aggravating and becoming harassing, and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

20.     During the aforementioned phone conversation in or about November of 2015 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

21.    Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

22.    Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

23.    Again, in or about January of 2016, due to the continued campaign of telephone calls from Defendant, Plaintiff received a call from the Defendant, met with an extended pause, eventually was connected to a live representative, and informed the agent/representative that Defendant did not have permission to call his cellular telephone number, and again demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

24.    Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have had to call her aforementioned cellular telephone number.

25.    On at least three (3) separate occasions, Plaintiff has either answered a call from Defendant or returned a call to Defendant regarding his account, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number. His principal reason

for answering these calls and making these demands of TD Auto Finance was the cumulative injury and annoyance he suffered from the calls placed by TD Auto Finance. These injuries are further described in paragraphs 30 through 36 herein.

26.     Each of the Plaintiff's requests for the harassment to end were ignored.

27.     From about November of 2015 through the filing of this Complaint, Defendant has placed approximately two-hundred fifty (250) actionable calls to Plaintiff's aforementioned cellular telephone number.

28.     Additionally, on at least fifteen (15) different occasions, Plaintiff received an automated telephone call to his aforementioned cellular telephone from Defendant, which left a voicemail including the following identical pre-recorded message:

> *"This is an important message from TD Auto Finance. Please call us back today at 1-800-955-9096. Our hours of operation are 8 a.m. to 10 p.m. Monday to Friday; 8 a.m. to 3 p.m. Saturday, and; 1 p.m. to 5 p.m. Sunday Eastern Standard Time. Again, the number to reach TD Auto Finance is 1-800-955-9096. Thank you. This has been a recorded announcement from TD Auto Finance."*

29.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

30.   From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

31.   From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

32.   From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33.   Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also

impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

35.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

36.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

37.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

38.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

39.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

40.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

41.     Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

42.     Defendant violated the TCPA with respect to the Plaintiff.

43.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

### COUNT I
### (Violation of the TCPA)

44.     Plaintiff incorporates paragraphs one (1) through forty-three (43) above as if fully set forth herein.

45.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

46.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or

prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully Submitted,

*/s/ Octavio Gomez*

**Octavio Gomez, Esquire**
Georgia Bar #:  617963
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
TGomez@forthepeople.com
LCrouch@forthepeople.com
*Attorney for Plaintiff*